# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA      :
                                     :
   *versus*                    :        CRIMINAL NO. 16-3-JJB-EWD
                                       :
HENRY STERLING IV, a.k.a. "Nick,"   :
"Rich Kid," and "Kid"; and            :
HENRY JOSEPH, a.k.a. "Hiney"       :

## MEMORANDUM IN SUPPORT OF MOTION FOR HEARING
## REGARDING POTENTIAL CONFLICTS OF INTEREST

**May it Please the Court:**

HENRY STERLINGS's current counsel in this matter, Chester James Rothkamm, Jr., previously represented HENRY JOSEPH in a state court matter, which may cause a conflict of interest in his representation of STERLING in this matter.  The Government asks this Court to inquire into any potential conflict, and if it finds one, determine if the defendants wishes to knowingly and voluntarily waive their rights to conflict free counsel.

    **I.**       **The Defendants have a Right to Conflict Free Counsel under the Sixth Amendment**

Recognizing that a defendant's "Sixth Amendment's right to counsel includes the right to conflict free counsel," before a defendant can waive such a right, "the record must show that the trial court determined that it was done knowingly, intelligently, and voluntarily."   United States v. Placente, 81 F.3d 555, 560 (5th Cir. 1996).  A hearing must be conducted "to ensure that the defendant (1) is aware that a conflict of interest exists; (2)

realizes the potential hazards to his defense by continuing with such counsel under the onus of a conflict; and (3) is aware of his right to obtain other counsel." Placente, 81 F.3d at 560.

A court remains under the continuing obligation throughout the course of the proceedings to "remedy an actual conflict if it emerges." United States v. Newell, 315 F.3d 510, 520 (5th Cir. 2002).

In United States v. Garcia, 517 F.2d 272, 278 (5th Cir. 1975), the Fifth Circuit set forth the following procedure which lower courts within this circuit must follow:

> [T]he district court should address each defendant personally and forthrightly advise him of the potential dangers of representation by counsel with a conflict of interest. The defendant must be at liberty to question the district court as to the nature and consequences of his legal representation. Most significantly, the court should seek to elicit a narrative response from each defendant that he has been advised of his right to effective representation, that he understands the details of his attorney's possible conflict of interest and the potential perils of such a conflict, that he has discussed the matter with his attorney or if he wishes with outside counsel, and that he voluntarily waives his Sixth Amendment protections.

A defendant may waive his right to a conflict free counsel. However, such a waiver must be knowingly and voluntarily made. United States v. Garcia, 517 F.2d 272, 276 (5th Cir. 1975).

2

**II.      Conclusion**

The United States respectfully requests that this Honorable Court hold a hearing to determine if a conflict of interest exists, and to advise STERLING and JOSEPH of the potential conflict which may arise from Mr. Rothkamm's representation, and thereafter determine whether these defendants wish to knowingly and voluntarily waive their right to conflict free counsel.

UNITED STATES OF AMERICA, by

J. WALTER GREEN
UNITED STATES ATTORNEY


/s/ Jamie A. Flowers, Jr.
Jamie A. Flowers, Jr., GABN 940394
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: jamie.flowers@usdoj.gov